UNITED STATES, Appellee

v

JAMES H. DEAN, Specialist Third Class,
U. S. Army, Appellant

9 USCMA 418, 26 CMR 198

No. 8637

Decided June 27, 1958

*First Lieutenant William L. Garwood* argued the cause for Appellant, Accused. With him on the brief were *Colonel Edward M. O'Connell* and *Captain Arnold I. Melnick.*

*First Lieutenant Jon R. Waltz* argued the cause for Appellee, United States. With him on the brief were *Lieutenant Colonel John G. Lee* and *First Lieutenant Chester F. Relyea.*

## Opinion of the Court

GEORGE W. LATIMER, Judge:

The rungs in the ladder of appellate procedure are not unfamiliar to this accused. He was convicted of rape on October 8, 1955, by a general court-martial at Fort Carson, Colorado, and sentenced to dishonorable discharge, total forfeitures, and confinement at hard labor for twenty years. The convening authority reduced the findings to assault with intent to commit rape, and approved only so much of the sentence as provided for a dishonorable discharge (suspended), total forfeitures and confinement at hard labor for two years. The board of review, finding error in the staff judge advocate's review, returned the record to a new convening authority. United States v Dean, 20 CMR 485 (preliminary decision) (1956).

Acting as the second convening authority, the Commanding General, Fifth United States Army, approved the original finding of rape and a sentence greater than that approved by the original convening authority but the sentence was subsequently reduced by the board of review to dishonorable discharge, total forfeitures, and confinement at hard labor for two years. The findings, however, were not reduced. United States v Dean, 21 CMR 468. The accused appealed to this Court and we reversed the decision of the board of review, ordering the record returned to another convening authority for a new review. United States v Dean, 7 USCMA 721, 23 CMR 185.

Pursuant to our order the Commanding General, Second United States Army, the third convening authority, approved so much of the findings as found the accused guilty of assault with intent to commit rape and only so much of the sentence as provided for dishonorable discharge (suspended), total

forfeitures, and confinement at hard labor for two years. The board of review further reduced the findings to indecent assault and made a reduction upon the forfeiture provisions of the sentence. United States v Dean, CM 387202, October 15, 1957. The accused once again appealed to this Court and we granted review to consider whether the accused was prejudiced by the third staff judge advocate review. It may be noted in passing, that the accused has served his sentence and is now back on active duty.

It is unnecessary to recite the facts in the instant case. Suffice it to state that the accused, basing his complete defense upon consent, was tried and convicted of rape. Sometime after the trial, an Army psychiatrist who had examined the victim transmitted a report to the convening authority which indicated, among other things, that the prosecutrix was a "chronic rape victim." This report was never admitted into evidence at trial and its genesis is so shrouded in doubt that we have serious reservations about its use at any stage of the proceedings. Be that as it may, the document is beneficial to the accused and parts of it were quoted in the third staff judge advocate's review. Appellate defense counsel now contend that the staff judge advocate misled the convening authority by not quoting the entire document and by limiting his discussion of it to that section of the review which dealt with clemency, thus implying that it could not be used to disapprove the findings of guilty. With this interpretation we cannot agree. The psychiatric report as we have stated was never admitted into evidence at trial either before or after findings, and therefore it would have been irregular for the staff judge advocate to discuss it in that portion of the review which dealt with the evi-

**419**

dence adduced at trial. He could only properly place it in the "Discussion" or "Clemency" portion of his review. While he placed it in the latter part of his advice, he took care to inform the convening authority that he should approve only "such findings of guilty as you find correct in law and fact and in your discretion should be approved." The report was included with the allied papers which were easily accessible to the convening authority and his attention was called to that fact by the references found in the staff judge advocate's review and the reports prominent in previous actions. Therefore, we are certain that he considered the report for its impact on all facets of the case realizing full well that it could be the basis of a disapproval of findings. Merely because he decided to follow the advice of his staff judge advocate does not force a conclusion that he ignored the question of guilt, particularly when the findings had been previously reduced from rape to assault with intent to commit rape.

We have considered the other contentions of the accused pertaining to the staff judge advocate's review and finding no error which would justify further prolonging this litigation we affirm the decision of the board of review.

Judge FERGUSON concurs.

QUINN, Chief Judge (concurring):

The principal part of the accused's complaint about the sufficiency of the post-trial review is that it is ambiguous. In my opinion there is no ambiguity. The staff judge advocate specifically informed the convening authority that two matters not in evidence at the trial were considered by the first convening authority in connection with the accused's guilt or innocence; one of these was "favorable to the accused" and on the initial review the board of review had held that its consideration on the merits was proper. The clear implication is that the favorable matter was the psychiatric report. The convening authority, therefore, was informed that the report was a proper matter for consideration in determining whether to disapprove the findings of guilty. Cf. United States v Massey, 5 USCMA 514, 18 CMR 138.

For his second basis of attack on the review, the accused contends that the staff judge advocate's reference to the action of the first convening authority constitutes advice to the present convening authority to follow the original action. In my opinion, the reference unmistakably constitutes nothing but a recital of the judicial history of the case. In any event, the staff judge advocate specifically informed the convening authority it was his duty to take independent action. There is, therefore, no merit in either claim of error by the accused. I join in affirming the decision of the board of review.